FILED

'13 SEP 27  PM 1:22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                         DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LASHON ROBINSON, CDCR #D-73275, | Civil No.    13-cv-1715 BEN (PCL) |
| Plaintiff, | **ORDER:** |
| vs. | **(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) (ECF Doc. No. 2)** |
| A. VERKOUTEREN, Correctional Sergeant; H. RAMOS, Correctional Officer; C. DECOSTA, Correctional Officer; J. EUSTICE, Correctional Officer; and DELATORRE, Correctional Sergeant, | **AND** |
| Defendants. | **(2)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

Michael Lashon Robinson ("Plaintiff"), who is currently incarcerated at California State Prison - Los Angeles County ("LAC") in Lancaster, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

Plaintiff alleges correctional officials at Richard J. Donovan Correctional Facility ("RJD") in San Diego subjected him to cruel and unusual punishment, retaliated against

13cv1715 BEN (PCL)

1   him, and violated his rights to due process and access to the courts while he was
2   incarcerated at RJD in July 2011, and again in February 2012. *See* Compl. (ECF Doc.
3   No. 1) at 1-2, 4-11.  Plaintiff seeks injunctive relief preventing Defendants from having
4   "any contact with [him]" as well as general and punitive damages. *Id.* at 13.

5         Plaintiff has not prepaid the civil filing fee; instead he has filed a Motion to
6   Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

7

8   **I.     MOTION TO PROCEED IFP**

9         All parties instituting any civil action, suit, or proceeding in a district court of the
10  United States, except an application for writ of habeas corpus, must pay a filing fee of
11  $400.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to
12  prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. §
13  1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a
14  prisoner granted leave to proceed IFP remains obligated to pay the entire fee in
15  installments, regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. §
16  1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

17        Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act
18  ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the
19  trust fund account statement (or institutional equivalent) for the prisoner for the six-month
20  period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2);
21  *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account
22  statement, the Court must assess an initial payment of 20% of (a) the average monthly
23  deposits in the account for the past six months, or (b) the average monthly balance in the
24  account for the past six months, whichever is greater, unless the prisoner has no assets.
25  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of
26  the prisoner must collect subsequent payments, assessed at 20% of the preceding month's
27  income, in any month in which the prisoner's account exceeds $10, and forward those
28  payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's statement shows an average monthly balance of $13.12, average monthly deposits of $26.66, and an available balance in his account of $12.69 at the time it was submitted to the Court for filing. Based on this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $5.33 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Secretary of the Department of Corrections and Rehabilitation, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total owed in this case shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez*, 203 F.3d at 1126-27. Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

## III.  CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is **GRANTED.**

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

13cv1715 BEN (PCL)

2. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. The Clerk shall issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants Verkouteren, Ramos, Decosta, Eustice and Delatorre and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint (ECF Doc. No. 1) and the summons so that he may serve each named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed.R.Civ.P. 4(c)(3).

5. Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to

13cv1715 BEN (PCL)

1 │ "waive the right to reply to any action brought by a prisoner confined in any jail, prison,

2 │ or other correctional facility  under section 1983," once the Court has conducted its sua

3 │ sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made

4 │ a preliminary determination based on the face on the pleading alone that Plaintiff has a

5 │ "reasonable opportunity to prevail on the merits," the defendant is required to respond).

6 │      6.    Plaintiff shall serve upon the Defendants or, if appearance has been entered

7 │ by counsel, upon Defendants' counsel, a copy of every further pleading or other document

8 │ submitted for consideration of the Court.  Plaintiff shall include with the original paper

9 │ to be filed with the Clerk of the Court a certificate stating the manner in which a true and

10 │ correct copy of any document was served on Defendants, or counsel for Defendants, and

11 │ the date of service.  Any paper received by the Court which has not been filed with the

12 │ Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: _____9/24/13_____     _____

                          HON. ROGER T. BENITEZ
                          United States District Judge