1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Lashon Robinson, | CASE NO. 13cv1715-WHQ (JLB) |
| Plaintiff, | Order Granting Pending Motions |
| vs. | |
| Sgt. A. Verkouteren, et al., | |
| Defendants. | (ECF Doc. Nos. 11, 13) |

On December 23, 2013, defendants A. Verkouteren, H. Ramos, P. De La Torre, C. Decosta, and J. Eustice, filed a motion to dismiss. (ECF Doc. No. 11.)  More than six months have passed, and plaintiff has not filed an opposition.  Instead, plaintiff filed a motion requesting that the Court dismiss defendants A. Verkouteren, P. De La Torre, C. Decosta, and J. Eustice.  (ECF Doc. No. 13.)  Plaintiff states in his motion seeking voluntary dismissal of these defendants that this action should proceed against defendant H. Ramos, but does not present any arguments responsive to defendants' motion to dismiss.  Thus, the Court does not find that plaintiff intended for his motion for voluntary dismissal to simultaneously serve as an opposition to the pending motion to dismiss.

Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within the fourteen calendar days prior to the noticed hearing.  Failure to comply with these rules "may constitute a consent to the granting

of a motion." Civ. Local R. 7.1.f.3.c.  District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to

oppose as consent to granting the motion).  Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).  That plaintiff is proceeding pro se in this action does not excuse his failure

to follow the rules of procedure that govern other litigants.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Here, defendants attached a Declaration of Service by U.S. Mail to their motion, signaling that plaintiff was served at his address of record.  (ECF Doc. No. 11-1.) Moreover, plaintiff was provided adequate time to prepare a response.  The Court scheduled a hearing for February 7, 2014, resulting in a response deadline for plaintiff of January 24, 2014, approximately one month after defendant's motion was filed on December 23, 2013.  More than five months have passed since the scheduled hearing date and still plaintiff has not filed an opposition.  Thus, the Court finds that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant" all weigh in favor of granting the motion to dismiss.  *See Ghazali*, 46 F.3d at 53.  Accordingly, the majority of the *Ghazali* factors weigh in favor of dismissal.

In light of the foregoing, it is hereby ORDERED that defendant's motion to dismiss (ECF Doc. No. 11) and plaintiff's motion to dismiss defendants A. Verkouteren, P. De La Torre, C. Decosta, and J. Eustice (ECF Doc. No. 13) are

GRANTED.  IT IS FURTHER ORDERED that the complaint is DISMISSED WITHOUT PREJUDICE to plaintiff filing an amended complaint.

**No later than forty-five (45) days from the date of this Order,** plaintiff may file a first amended complaint.  If plaintiff files a first amended complaint, the pleading must be complete in itself, and may not incorporate by reference any prior pleading.

DATED:  July 21, 2014

**WILLIAM Q. HAYES**
United States District Judge